UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS, <br><br>    Plaintiff, <br><br>    v. <br><br> JOHN PATRICK KELLER, et al., <br><br>    Defendants. | No. 2:17-cv-0304-EFB P <br><br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a county inmate proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.[1] The court must screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

**I.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.      Screening Order**

Plaintiff's complaint (ECF No. 1) names as defendants the Sacramento detectives involved in the investigation leading up to his 2001 murder conviction, which was vacated in 2015 on habeas review. *See Sessoms v. Grounds*, 776 F.3d 615 (9th Cir. 2015) (en banc). He claims that detective Keller coerced a witness into making false statements and falsely identifying plaintiff and his brother as being in the witness's car. ECF No. 1 at 3, 4. Two days after the warrant had been issued for plaintiff's arrest, Keller allegedly drafted a police report with false statements and material omissions. *Id.* at 3, 4. Detectives Woods and Winfield allegedly helped

Keller "cover up" the "intentional omission." *Id.* at 3. Plaintiff also alleges that his trial counsel should have objected to the arrest warrant as "unsigned." *Id.* at 1.

According to plaintiff, Keller "knowingly violated the law by intentionally writing a false report to be used to serve as probable cause to have a 'neutral and detached judicial power' issue a warrant for [plaintiff's] arrest." *Id.* at 4. In the next sentence, however, plaintiff explains that Keller "wrote this report two days *after* the warrant for [his] arrest was issued." *Id.* Thus, it is not clear what impact, if any, Keller's false statements or omissions had in establishing probable cause for plaintiff's arrest warrant. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1087 (9th Cir. 2011) (Fourth Amendment judicial deception claim requires (1) that the warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) a substantial showing that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth). Likewise, it is not clear how Woods or Winfield personally violated plaintiff's Fourth Amendment rights by "covering up" an "intentional omission" made after the warrant for plaintiff's arrest had already been issued. For these reasons, plaintiff's complaint will be dismissed for failure to state a claim, but he will be granted leave to amend to clarify his allegations.

**III.    Leave to Amend**

Plaintiff may choose to file an amended complaint which states a cognizable claim. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order.  Failure to comply with this order may result in dismissal of this action.

DATED:  July 12, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE